Mathew MORGAN, Appellee,

v.

Steven James PERLOWSKI, Appellant.

No. 92–1420.

Supreme Court of Iowa.

Nov. 24, 1993.

John Werner and Stephanie L. Glenn of Grefe & Sydney, Des Moines, for appellant.

David S. Wiggins of Wiggins & Anderson, P.C., West Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

This case involves a claim by a social guest against a host for injuries received when the guest was assaulted by a third person while attending a party at the host's residence. The district court recognized that a host may have a duty to control the conduct of third parties and the court instructed the jury based on the principles of section 318 of the Restatement (Second) of Torts (1965). The jury returned a verdict finding the guest had been injured as a result of the host's negligence. Following entry of a judgment on the verdict, the host filed a motion for judgment notwithstanding the verdict and a new trial. The court denied the motion. We affirm the ruling and judgment entered on the jury verdict.

I. *Background.*

Mathew Morgan was invited to a party at Steven Perlowski's home on December 25, 1988. Without his mother's knowledge or presence, Perlowski had arranged to host an "open" beer party at his mother's home. During his mother's absence Perlowski was in control of the house. He had invited a number of people who in turn invited others to the party. Between 50 and 100 people, including Morgan, attended the party throughout the evening. Perlowski was a nineteen-year-old high school graduate at the time of the party; Morgan was twenty-one years old.

Approximately two hours after the party began a group of six uninvited males arrived

and were admitted to the house. Morgan, Perlowski and John Woodward, a friend of Perlowski's, noticed that the group of men had an "intimidating look" about them. Shortly after this group arrived, Morgan approached Perlowski and inquired as to whether they should ask the uninvited men to leave the party. At that point Perlowski decided to do nothing.

Morgan also contends that he and Woodward advised Perlowski on two later occasions that something should be done about the group. They suggested the uninvited guests should be asked to leave or the party should be called off. Woodward testified that the uninvited men were overtly hostile and were disrupting the party by bumping into other guests and blocking doorways. There is conflicting evidence as to whether both Morgan and Perlowski were actually aware of the group's activities in the home.

Less than an hour after the six men arrived a fight involving the uninvited guests and other guests erupted in the basement. Perlowski was present but he took no action to remove or control the guests. A short time later, Morgan heard a commotion and went downstairs where he saw another guest being punched by members of the troublesome group. Morgan attempted to intervene to stop the fight and was punched and struck in the head with a pool cue by one of the uninvited guests. The blow resulted in permanent impairment of Morgan's left eye.

Subsequently, Morgan brought a negligence suit against Perlowski seeking damages for his injuries. The case proceeded to trial. At trial, the parties disagreed on the proper theory of negligence and the appropriate jury instructions. Perlowski argued that, as a matter of law, he owed no duty of care to Morgan and was entitled to a directed verdict. Morgan, on the other hand, claimed that Perlowski owed him a duty to exercise reasonable care to control the conduct of third persons as recognized in section 318 of the Restatement (Second) of Torts. Perlowski further argued that even if he owed a duty of reasonable care to protect a social guest from intentional harm by a third party, the duty arose out of the possession of land. Therefore, the jury should be instruct-

ed on limitations of a possessor's liability under premises liability principles. *See* Restatement (Second) of Torts §§ 342, 343, 343A.

The district court overruled Perlowski's motion for a directed verdict and the objections to the jury instructions. The jury found Perlowski sixty percent at fault and Morgan forty percent at fault. The jury also found Morgan sustained damages of $125,278.45. The court entered judgment on the verdict for $75,167.07 plus interest and costs.

Perlowski moved for a judgment notwithstanding the verdict and for a new trial. Iowa R.Civ.P. 243, 244. The district court denied his motion, ruling there was sufficient evidence to submit Morgan's claim to the jury and the jury was properly instructed on the applicable law of the case. Perlowski appealed.

Perlowski raises two issues on appeal. First, he urges he had no duty to protect Morgan from the acts of third parties. Second, he urges the trial court failed to properly instruct the jury on premises liability principles.

## II. Duty to Control Conduct of a Third Person.

In our review of the district court's ruling on a motion for a judgment n.o.v., we are limited to the grounds urged in the motion for a directed verdict. *Federal Land Bank of Omaha v. Woods*, 480 N.W.2d 61, 65 (Iowa 1992). We consider the evidence in a light most favorable to the nonmoving party. *Id.*; Iowa R.App.P. 14(f)(2). "Simply put, we ask, was there sufficient evidence to generate a jury question?" *Konicek v. Loomis Bros., Inc.*, 457 N.W.2d 614, 617 (Iowa 1990).

Generally, a person does not have a duty to aid or protect another. *Husker News Co. v. South Ottumwa Sav. Bank*, 482 N.W.2d 404, 407–08 (Iowa 1992); Restatement (Second) of Torts § 314. Nor does a person have a duty to control the conduct of a third person to prevent that person from causing physical harm to another. *Leonard v. State*, 491 N.W.2d 508, 509–10 (Iowa 1992); Restatement (Second) of Torts § 315.

However, exceptions to the general rules arise when a special relationship exists between the persons involved. *Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 354 (Iowa 1991); Restatement (Second) of Torts § 315 & cmt c. We view "the duties described in Restatement sections 315 to 319 quite narrowly, guided by the principle that the scope of the duty turns on the foreseeability of harm to the injured person." *Leonard*, 491 N.W.2d at 511.

A. Pleadings.

Here Morgan's initial petition was framed upon the principles of section 342 of the Restatement (Second) of Torts. He alleged six unknown guests constituted a dangerous condition known to the defendant but hidden from him. Before resting his case, Morgan amended his petition to include the elements of a claim under section 318 of the Restatement (Second) of Torts. Section 318 provides:

§ 318. Duty of Possessor of Land or Chattels to Control Conduct of Licensee

If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

(a) knows or has reason to know that he has the ability to control the third person, and

(b) knows or should know of the necessity and opportunity for exercising such control.

The court submitted the case to the jury based upon the amended petition.

■ In his motion for a directed verdict, Perlowski urged that (1) he had no duty to protect Morgan, (2) that Morgan assumed the risk of his own injury, and (3) the evidence at trial failed to establish any of the elements requisite to a finding of liability. He argued that the general principles of premises liability should be applied. Under these principles when the dangerous condition and risk is obvious to an invitee or licensee, the possessor of the land has no duty to warn or protect them from injury. *See Schnoor v. Deitchler*, 482 N.W.2d 913, 917–18 (Iowa 1992).

B. Scope of Duty.

■ Under Iowa law the scope of the duty of care which a possessor of land owes to an entrant is based upon the entrant's status as either a trespasser, licensee, or invitee. *Id.* An invitee is a person who enters or remains on land open to the public by invitation or permission and is owed the highest standard of care. Restatement (Second) of Torts § 332 & cmt. a. A licensee is one who may enter or remain on land only with the possessor's consent. *Reasoner v. Chicago, Rock Island & Pac. R.R. Co.*, 251 Iowa 506, 511, 101 N.W.2d 739, 742 (1960); Restatement (Second) of Torts § 330. As social guests, Morgan and the uninvited men were licensees in Perlowski's home. *See* Restatement (Second) of Torts § 330 cmt. h.

■ Perlowski urged the trial court's fundamental error was characterizing the case as something other than a premises liability case. The trial court determined that the duty under section 318 of a possessor of land to control the conduct of a licensee applies to harm from persons on the land, not from the physical condition of the land or the activities of the possessor. The duty to control the conduct of licensees arises from the existence of a special relationship between a possessor of land and a licensee on the property. *See Davis v. Kwik–Shop*, 504 N.W.2d 877, 879 (Iowa 1993).

We agree with the trial court that this is something other than a premises liability case. Section 318 of the Restatement (Second) of Torts is found in chapter 12 dealing with general principles of negligence. Under the topic of "duties of affirmative action," section 318 is under the title dealing with duty to control conduct of third persons.

Section 342, by contrast, is found in chapter 13 dealing with liability for condition and use of land. Under the topic of "liability of possessors of land to persons on the land," section 342 is under the title dealing with

special liability of possessors of land to licensees.

Section 318 relates to the duty of a possessor of land to control conduct of a licensee to prevent harm to others, while section 342 relates to the duty of a possessor of land to make safe or to warn licensees of the existence of a dangerous condition on the land. Under section 342, the injured licensee must prove he or she did not know or have reason to know of the condition and risk involved. Under section 318, however, there is no such requirement.

■ We believe the principles of section 318 should be adopted. We have recognized the duty of care owed by a possessor of land who holds it open to the public for business purposes to members of the public to protect against physical harm caused by the accidental, negligent, or intentional harmful acts of third persons. *Young v. Gregg*, 480 N.W.2d 75, 79 (Iowa 1992); *Galloway v. Bankers Trust Co.*, 420 N.W.2d 437, 438 (Iowa 1988); Restatement (Second) of Torts § 344. We have applied the Restatement principles of other special relationships that give rise to a duty to control third persons. *See, e.g., Fitzpatrick v. State*, 439 N.W.2d 663, 667 (Iowa 1989) (citing Restatement (Second) of Torts § 319); *Smith v. Shaffer*, 395 N.W.2d 853, 856 (Iowa 1986) (citing Restatement (Second) of Torts § 316); *Clark v. Mincks*, 364 N.W.2d 226, 231–32 (Iowa 1985) (citing Restatement (Second) of Torts § 320). The duty imposed under section 318 is narrower than the duty imposed under section 344. As a matter of public policy, it is reasonable to impose a limited duty upon a possessor of land, who is present on the land, to control the conduct of social guests. We have addressed the limited nature of the duty imposed under section 318. *Davis*, 504 N.W.2d at 879; *Kelly*, 476 N.W.2d at 354.

Having concluded the trial court correctly viewed Morgan's claim as arising under the principles of section 318, we now consider whether there was sufficient evidence to justify submission of the case to the jury.

### C. Proof.

■ The parties do not dispute that Perlowski was the possessor of the home and was present when Morgan was injured. There was substantial evidence that the person or persons causing the injury were invited to the party or were permitted to remain at the home with Perlowski's consent. Perlowski had made arrangements for alcoholic beverages at the party, although he was underage and many of the persons coming to the party were also underage.

There is evidence that Perlowski recognized the troublesome nature of the unknown guests, that they did not socialize with other guests, and that they were engaged in harassing activities. When they first arrived, Morgan talked with Perlowski about the possibility of asking them to leave. Later, Perlowski considered suggestions that the party be called off to avoid any harm. His response was, "We'll wait and see." Although he was aware that the police could have been called to have the men removed if they did not go voluntarily, Perlowski made a conscious decision not to call the police or to call off the party.

Approximately thirty minutes after the uninvited guests arrived, Perlowski told Morgan that he would call off the party. However, he did not do so. Fifteen minutes later a fight broke out downstairs involving the uninvited guests. At that time Morgan was upstairs. When the initial disturbance ended, Perlowski remained downstairs where the fight had occurred but he took no action. Five or ten minutes later a second brawl developed in the basement area. It was at this point that Morgan went downstairs and observed a guest being beaten up by a member of the uninvited group. He attempted to go to the rescue of the guest and was injured as a result.

Under these facts a jury issue was generated as to whether Perlowski knew or should have known he had the ability to control the person or persons causing injury, and whether he knew of the necessity and opportunity to exercise such control. *See* Restatement (Second) of Torts § 318.

### D. Defenses.

Perlowski strongly argues that Morgan must establish he did not know or have rea-

son to know of the condition and risk involved. Lack of knowledge is a general requirement in premises liability cases made by a licensee under section 342 of the Restatement (Second) of Torts. *See also* Iowa Civil Jury Instruction 900.2. We have recognized that a possessor of land is generally not liable for injuries to an invitee caused by a known or obvious danger from conditions or activities on the land. *See Schnoor*, 482 N.W.2d at 917; Restatement (Second) of Torts §§ 343, 343A.

■ Although knowledge and control are closely related, we believe under the principles of section 318 the duty to control is not dependent upon proof of a superior knowledge. The knowledge or obviousness of a danger does not excuse the duty to control but may limit the liability. Where a genuine issue of fact remains on the question of "foreseeability," we will not resolve it as a matter of law. *See Galloway*, 420 N.W.2d at 440.

■ Perlowski further argues that, as a matter of law, Morgan assumed the risk of injury and a directed verdict should be entered. The trial court correctly concluded that the issue of assumption of risk was not a separate defense but would be considered under our comparative fault principles. *See Coker v. Abell–Howe Co.*, 491 N.W.2d 143, 147 (Iowa 1992). This defense was properly submitted to the jury to be considered under comparative fault. We conclude the trial court did not err in denying the defendant's motion for a directed verdict and the posttrial motion for a judgment n.o.v.

III. *Instructions to Jury.*

■ We review jury instructions to determine if they correctly state the law and are supported by substantial evidence. *Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 324 (Iowa 1992). We will reverse the giving or refusing to give a particular instruction only when the error is prejudicial. *Coker*, 491 N.W.2d at 143. Objections to the court's instructions must specify the matter objected to and on what grounds. Iowa R.Civ.P. 196. The objection must be sufficiently specific to alert the trial court to the basis for the complaint so that if error does exist the court may correct it before placing the case in the hands of the jury. *Moser v. Stallings*, 387 N.W.2d 599, 603–04 (Iowa 1986). We may only consider on appeal those objections to the instructions previously raised with the trial court. *Shepherd Components v. Brice Petrides–Donohue & Assocs., Inc.*, 473 N.W.2d 612, 618 (Iowa 1991).

Perlowski submitted twenty-six proposed jury instructions to the court. He objected to the court's refusal to submit two requested instructions regarding premises liability. *See* Iowa Civil Jury Instructions 900.1, 900.4.

The court submitted a marshalling instruction that provided:

### INSTRUCTION NO. 12

In order for the plaintiff, Mathew Morgan, to recover, he must prove all of the following propositions:

1. The defendant, Steven James Perlowski was negligent in failing to protect plaintiff, Mathew Morgan, from being harmed by guests at defendant's, Steven James Perlowski's, party in that:

(a) Defendant, Steven James Perlowski, knew or had reason to know that he had the ability to control the persons attending his party; and

(b) Defendant, Steven James Perlowski, knew or should have known of the necessity and opportunity for exercising such control.

2. The negligence was a proximate cause of the plaintiff's damage.

3. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages in some amount. If the plaintiff has proved all of these propositions, you will consider the defense of comparative fault as explained in Instruction No. 17 and the defense of sole proximate cause as explained in Instruction No. 16.

Additionally, the court included instructions on common law negligence including a definition of negligence, comparative fault, failure to avoid injury, assumption of risk, and sole proximate cause.

Perlowski's only objection to the instructions was directed at instruction number 12. He objected

for the reason that instruction number 12 fails to set out the elements of liability under the Restatement for a premises liability type of case, and instead this is simply a general instruction incorporating general negligence principles without listing the very elements that must exist before premises liability may attach.

Both Perlowski's proposed instructions on premises liability and his objection to instruction 12 raised the same issue. He insisted the court must include instructions requiring Morgan to prove traditional essentials for recovery based upon a condition on the premises involving unreasonable risk of injury.

As previously explained, the duty imposed under section 318 relates to a duty to control the conduct of third parties. Therefore, the requested instructions were not applicable to the issues. The trial court did not err in declining to give the requested instructions predicated on premises liability law. Nor was it error to overrule the objection to instruction 12 urging the same challenge.

In his reply brief Perlowski urges the court should have instructed the jury on factual specifications of negligence. *See Coker*, 491 N.W.2d at 151. Because this issue was not raised at trial, Perlowski failed to preserve error.

**AFFIRMED.**