**GREFE & SIDNEY, A Partnership,**
**Appellee,**

v.

**Lucille WATTERS, Appellant.**

**Lucille WATTERS, Appellant,**

v.

**Henry A. HARMON and Grefe & Sidney,**
**A Partnership, Appellees.**

**No. 93–1101.**

Supreme Court of Iowa.

Dec. 21, 1994.

Lawrence L. Marcucci and Ann M. Ver Heul of Shearer, Templer, Pingel & Kaplan, P.C., West Des Moines, for appellant.

Steven K. Scharnberg and Glenn Goodwin of Finley, Alt, Smith, Scharnberg & May, P.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

McGIVERIN, Chief Justice.

This case involves issues arising from a petition by a law firm against its client for fees and a counterclaim by the client for alleged legal malpractice.

The ultimate question is whether a verdict and judgment in favor of the law firm on the malpractice counterclaim can render harmless a prior yet allegedly erroneous grant of summary judgment in favor of the law firm on its petition for fees.

We conclude no reversible error occurred in the trial of the client's legal malpractice counterclaim.

We also conclude under this record that, even if the trial court erred in granting the prior summary judgment to the law firm on its petition for attorney fees, any such error was rendered harmless or moot by the affirmed judgment on the counterclaim.

Accordingly, we affirm the district court judgment in favor of the law firm on the whole case.

I. *Background facts and proceedings.* Defendant Lucille Watters hired attorney Henry A. Harmon, a partner in the law firm of Grefe & Sidney of Des Moines, to represent her in a dissolution of marriage action. At their initial meeting on December 28, 1988, Harmon advised Watters that his fee would be $100 per hour and that the total fee and expenses would be approximately $30,000. Harmon represented Watters throughout the dissolution of marriage case, which concluded in a settlement agreement on May 31, 1989. A dissolution decree based thereon was filed on June 18, 1989.

The settlement agreement and decree basically divided the marital assets, including the homestead and several parcels of real estate, between the two parties. As to a significant marital asset, an automobile dealership named Watters Autoland, Inc. located in Indianola, the settlement agreement provided that Watters receive shares of stock in the close corporation, which represented one-half of a forty-nine percent interest in the dealership.

Watters agreed to the stipulated settlement in open court. She also agreed to pay her attorney fees, but she failed to pay Harmon's fees or the expenses, which together totaled approximately $30,000.

Watters has not tried to set aside the stipulation and dissolution decree.

Plaintiff Grefe & Sidney filed suit against Watters claiming that she owed them $30,570.65 for the provision of legal services and for expenses in obtaining a dissolution of marriage and property settlement for Watters.

Watters denied Grefe & Sidney's allegations and subsequently filed a counterclaim against Grefe & Sidney as well as a cross-petition against Harmon, a third-party defendant.[1] The basis of Watters' counterclaim was her claim that Grefe & Sidney and Harmon breached their duty to exercise reasonable skill, care and learning on her behalf in their provision of legal services to her, that their services were thus of no value, and that as a proximate result of Grefe & Sidney and Harmon's negligence, Watters was damaged. In particular, Watters alleged that Harmon was negligent in recommending to her that she enter into a property settlement which contained no provision for the payment of alimony, the continuation of health insurance or use of a company car, and which provided her with shares of stock representing one-half of a minority interest in a closely held corporation where the only other two shareholders, her former husband and her son, were hostile to her interests.

Plaintiff Grefe & Sidney filed a motion for summary judgment against Watters for recovery of its attorney fees and costs as requested in its petition. Plaintiff claimed that it was undisputed: that Watters contracted with Grefe & Sidney to perform legal services for her in connection with obtaining a dissolution of marriage; that the fee was to be $100 per hour for time spent on the case plus expenses with the total being approximately $30,000; that such dissolution of marriage had been obtained; that a bill for legal services and out-of-pocket expenses in the amount of $30,570.65 had been presented to

Watters; and that she had not paid any part of that amount. Watters admitted in a deposition and concedes on appeal that the fee was to be $100 per hour, with the total bill to be approximately $30,000.

Watters resisted Grefe & Sidney's motion. In her resistance, she contended that genuine issues of material fact existed as to whether she was obligated to pay attorney fees when her contract with Grefe & Sidney for the provision of legal services had been breached by their negligent performance of their professional duties to exercise reasonable skill, care and learning on her behalf. Watters also argued that Harmon's negligent performance of legal services resulted in a breach of contract such that she received no value for the services performed, constituting a failure of consideration to support any contractual obligation which she may have had to pay attorney fees to Grefe & Sidney.

The district court sustained plaintiff Grefe & Sidney's motion for summary judgment on the petition, ruling that no issue of material fact existed regarding Grefe & Sidney's claim for services because the work was completed when the dissolution of marriage was finalized.

Watters' counterclaim was tried before a jury which returned a verdict that Grefe & Sidney and Harmon were not negligent in their handling of Watters' dissolution of marriage case. Judgment was entered on the verdict against Watters on the counterclaim and cross-petition.

Watters appealed from the trial court's grant of summary judgment in favor of Grefe & Sidney on the petition, and from the adverse judgment on her counterclaim against Grefe & Sidney and Harmon.

II. *Issues concerning Watters' counterclaim alleging legal malpractice.* Watters contends that the district court erred in instructing the jury during the trial of her counterclaim alleging legal malpractice against Grefe & Sidney and Harmon. We conclude that each of Watters' assignments of error either was not preserved or is without merit.

1. For simplicity purposes, we refer to Watters'     claim solely as a counterclaim.

A. *Scope of review.* Our scope of review on objections to instructions is on assigned error. Iowa R.App.P. 4. We may only consider on appeal those objections to instructions previously raised with the trial court. Iowa R.Civ.P. 196; *Shepherd Components, Inc. v. Brice Petrides–Donohue & Assocs., Inc.,* 473 N.W.2d 612, 618 (Iowa 1991).

Objections to the court's instructions must specify the subject of the objection and the grounds of the objection. Iowa R.Civ.P. 196; *Morgan v. Perlowski,* 508 N.W.2d 724, 729 (Iowa 1993). Further, the objection must be sufficiently specific to alert the trial court to the basis for the complaint so that if error does exist the court may correct it before placing the case in the hands of the jury. *Perlowski,* 508 N.W.2d at 729.

We read the court's instructions as a whole when determining whether there has been error. *State v. Jones,* 193 N.W.2d 509, 513 (Iowa 1972). We review jury instructions to determine if they correctly state the law and are supported by substantial evidence. *Johnson v. Interstate Power Co.,* 481 N.W.2d 310, 324 (Iowa 1992); *see also Stringer v. State,* 522 N.W.2d 797 (Iowa 1994). If instructions are erroneous, they must be prejudicial before we will order reversal. *Edwards v. City of Des Moines,* 349 N.W.2d 786, 788 (Iowa App.1984) (citing *State v. Kern,* 307 N.W.2d 22, 28 (Iowa 1981)).

B. *Assignments of error.* Watters argues that the district court erred in (1) instructing the jury that the attorney fees' issue had been previously determined, (2) instructing the jury on mistake in representation and good faith, and (3) submitting other instructions which invaded the province of the jury and unduly emphasized Grefe & Sidney and Harmon's theory of the case.

1. First, Watters contends that the trial court erred in instructing the jury that the attorney fees' issue had been previously determined. She argues that this alleged error occurred by the manner in which the trial court related the Statement of the Case to the jury. Specifically, she insists that language contained in the second paragraph of the Statement of the Case unduly empha-

sized Grefe & Sidney and Harmon's defense of retaliation in a manner which was prejudicial to her. The language involved was:

The matter of legal fees in this matter has previously been determined by the Court and is not an issue in this lawsuit. To simplify this matter for trial, Lucille Watters is referred to as the Plaintiff and Henry A. Harmon and Grefe & Sidney are referred to as the Defendants.

Watters did not preserve error on this issue sufficient to raise it on appeal. On appeal Watters argues that inclusion of the first sentence, combined with inclusion of the second sentence, is reversible error. At trial, however, Watters only objected to the second sentence of the aforementioned paragraph as prejudicing Watters' case and unduly emphasizing Grefe & Sidney's defense. She did not tell the court that she objected to any statement by the court that the legal fee matter had been previously determined.

"[A] specific objection, if *overruled,* cannot avail the objector [on appeal] except as to the ground specified." *Porter v. Iowa Power & Light Co.,* 217·N.W.2d 221, 231 (Iowa 1974). *See also* Iowa R.Civ.P. 196 ("[n]o other grounds [but those raised to the trial court] ... shall be ... considered on appeal"). Since Watters' specific objection at trial was that inclusion of the second sentence ʽwas erroneous, her objection only preserved error on that particular ground. Thus, we reject Watters' first assignment of error.

2. Next, Watters contends that the trial court committed error in its submission of instructions which gave the standards for an attorney's conduct. The two instructions setting forth the standards of attorney conduct which Watters objected to at trial provided as follows:

INSTRUCTION NO. 13:

If an attorney acts in good faith and in an honest belief that acts and advice are well-founded and in the best interest of the client, the attorney is not negligent merely because the attorney makes a mistake during that attorney's representation of the client. Any such error, if you find any, does not in and of itself constitute negligence. For an attorney to be found negli-

gent, it must be shown by a preponderance of the evidence that the attorney failed to use the degree of skill, care and learning ordinarily possessed and exercised by other attorneys in similar circumstances. This is the standard by which an attorney is to be judged.

INSTRUCTION NO. 14:

A lawyer's professional conduct in representing a client in litigation is to be judged in the light of all the surrounding circumstances existing prior to and during the course of that representation, and not according to any hindsight gained after the lawsuit or legal matters have been completed.

In legal malpractice cases, the law does not impose an implied guaranty of results.

Watters urges two reasons why these instructions were improper. We reject each of her arguments in turn.

First, Watters argues that both Instruction No. 13 and Instruction No. 14 are not the law of Iowa and are not part of the uniform jury instructions for legal malpractice cases. This objection was made in the trial court but is not sufficiently definite to have alerted the trial court of the error claimed so as to have given the court a chance to correct it. See Taylor Enter., Inc. v. Clarinda Prod. Credit Ass'n, 447 N.W.2d 113, 116 (Iowa 1989) ("objection that the court did not accurately state the law is not sufficiently definite to preserve error"); Briney v. Tri–State Mut. Grain Dealers Fire Ins. Co., 254 Iowa 673, 689, 117 N.W.2d 889, 898 (1962) (same).

Watters also contends that Instruction No. 13 was improper due to its "good faith" language. She objected at trial to Instruction No. 13 as raising an issue regarding Harmon's good faith when she had not offered evidence regarding good faith.

However, on appeal she does not make the same argument. Rather, she mainly contends that Instruction No. 13 was erroneous in raising a standard like "mistake in treatment" or "mistake in diagnosis" that we have stated should not be given in a medical malpractice case. See Vachon v. Broadlawns Medical Found., 490 N.W.2d 820, 824 (Iowa

1992). This argument was not made nor the Vachon case cited before the trial court.

As we have already stated, a specific objection, if overruled, can only avail the objector as to the ground specified. Iowa R.Civ.P. 196; Porter, 217 N.W.2d at 231. Since Watters did not assert her analogy to medical malpractice jury instructions and relevant case law as a basis for her objection at trial, but only raised that ground for the first time on appeal, she failed to preserve error on this assignment.

3. Finally, Watters contends that the trial court's submission of Instructions Nos. 15, 17, and 18 unduly emphasized Grefe & Sidney and Harmon's theory of the case and thus constituted reversible error. After reviewing the instructions, we find no merit in this assignment.

C. Having found no merit in any of Watters' assignments of error concerning the trial of her counterclaim alleging legal malpractice, we affirm the district court's judgment thereon in favor of Grefe & Sidney and Harmon.

III. *Issues concerning the grant of Grefe & Sidney's motion for summary judgment on the petition for legal fees.* Watters' other primary argument in this appeal is that the district court erred in granting summary judgment to Grefe & Sidney on its petition for recovery of legal fees and expenses. This ruling occurred prior to the jury trial on Watters' counterclaim for legal malpractice.

In resistance to the motion for summary judgment Watters contended and now contends that there were material questions of fact as to whether Grefe & Sidney and Harmon were negligent in their provision of legal services resulting in breach of the oral contract and lack of consideration, and thereby excusing Watters from performance under the contract. Grefe & Sidney, however, asserts that if they prevail on the counterclaim, all of Watters' assignments of error on appeal, including the motion for summary judgment issue, are moot.

On the basis of several well-recognized legal principles, we conclude that even if the district court erred in sustaining Grefe & Sidney's motion for summary judgment on

its petition for fees and expenses, such error was rendered harmless or moot by the subsequent affirmed judgment in the counterclaim trial declaring Grefe & Sidney and Harmon free from negligence in their provision of legal services to Watters.[2]

The district court obviously did not rely on the subsequent judgment on the counterclaim as a basis for granting summary judgment against Watters on plaintiff's petition for fees and expenses. However, we are obliged to affirm an appeal where any proper basis appears in the record for a trial court's judgment, even though it is not one upon which the court based its holding. *Collins v. State*, 477 N.W.2d 374, 376 (Iowa 1991); *Galloway v. Bankers Trust Co.*, 420 N.W.2d 437, 441 (Iowa 1988); *Citizens First Nat'l Bank v. Hoyt*, 297 N.W.2d 329, 332 (Iowa 1980). *See also* 5 Am.Jur.2d *Appeal and Error* § 785, at 227–28 (1962) ("The decision of the trial court should be affirmed if it is correct, although the . . . judgment or order complained of contains inaccurate or erroneous declarations of law.").

A. *Harmless error theory.* "Where a final judgment in a matter grants to the appellant all the rights and relief he could possibly receive in a cause of action, there is no point in considering possible error in the case, and any error preceding the judgment becomes harmless." 5 Am.Jur.2d *Appeal and Error* § 776, at 219. By virtue of the jury trial, verdict, and judgment rendered on the counterclaim for legal malpractice, Watters had those issues, which she alleges were material factual issues incapable of disposition by summary judgment concerning the petition, decided by a jury. We have already determined that the judgment resulting from that jury trial and verdict on the counterclaim should be affirmed. Accordingly, that judgment "grants to [Watters] all the rights and relief [she] could possibly receive" regarding her claim of the

attorneys' provision of negligent services and renders nonprejudicial any error in the district court's ruling sustaining Grefe & Sidney's motion for summary judgment on its petition for recovery of fees and expenses. *See id.*

Analogous cases supporting the above reasoning include cases holding that an erroneous evidentiary ruling was rendered harmless by subsequent events. *See, e.g., Shawhan v. Polk County*, 420 N.W.2d 808, 810–11 (Iowa 1988) (holding that any error in excluding the plaintiff's evidence regarding damages was cured by a verdict of no liability for the defendants); *Christianson v. Kramer*, 257 Iowa 974, 978–79, 135 N.W.2d 644, 647 (1965) (same); *Oakes v. Peter Pan Bakers, Inc.*, 258 Iowa 447, 452, 138 N.W.2d 93, 96–97 (1965) (holding that an answer to a special interrogatory finding the plaintiff free from contributory negligence obviates any error arising from the admission of evidence bearing on the plaintiff's negligence).

Other cases supporting the above line of reasoning are those cases holding that an erroneous denial of summary judgment was rendered harmless by a subsequent judgment. *See, e.g., Hill v. Willis*, 224 Ga. 263, 161 S.E.2d 281, 284 (1968); *First Fin. Ins. Co. v. Mathis*, 214 Ga.App. 537, 448 S.E.2d 87, 89 (1994). *But see Superskate, Inc. v. Nolen*, 641 So.2d 231, 233–34 (Ala.1994).

B. *Mootness theory.* Moreover, "[p]ursuant to the general rule that review proceedings will not be allowed for the purpose of settling merely abstract questions," when we have notice of facts showing that only moot or abstract propositions are involved, we are not obligated to consider the appeal. *See* 5 Am.Jur.2d *Appeal and Error* § 913, at 345. In this case, we have the benefit of hindsight and know that a trier of fact has concluded that the attorneys' handling of Watters' dissolution of marriage and

---

2. We note that the district court should have used an appropriate procedural device to protect Watters against execution until disposition of her compulsory counterclaim. *See Farmers Coop. Elevator Co., Panora v. Knapp*, 259 N.W.2d 762, 764 (Iowa 1977). For example, the district court could have entered the ruling on the motion but withheld entry of judgment itself, or ordered that execution not issue pending disposition of the counterclaim. *See id.* If the district court had used either of these procedural devices to properly suspend its order, its alleged erroneous ruling sustaining Grefe & Sidney's motion for summary judgment on the petition would have been vindicated by the court's subsequent judgment on Watters' counterclaim.

property settlement complied with the standard of care required of competent attorneys. Our knowledge of this jury verdict and judgment, which we have affirmed, requires us to not waste precious judicial resources in determining whether material factual issues existed precluding summary judgment disposition of Grefe & Sidney's claim for fees. The propriety of the ruling has been rendered moot by the jury's verdict and the affirmed judgment declaring Grefe & Sidney and Harmon free from negligence.

Other courts support our conclusion that subsequent events may make an issue involving a court's prior decision moot. *See Davis v. Odell,* 240 Kan. 261, 729 P.2d 1117, 1120 (1986) (holding that plaintiffs being awarded a jury verdict rendered moot alleged error in the trial court's denial of plaintiffs' motion for summary judgment); *Brannan v. Wyeth Lab., Inc.,* 516 So.2d 157, 164 (La.App.1987), *aff'd and rev'd in part on other grounds,* 526 So.2d 1101 (La.1988) (concluding that issue of whether defendants' summary judgment motion was improperly denied was moot where case had already been tried and verdict rendered in favor of plaintiff); *Isuani v. Manske–Sheffield Radiology Group,* 802 S.W.2d 235, 236–37 (Tex.1991) (concluding that the lower appellate court should have dismissed the appeal on the temporary injunction as moot as soon as it learned of the trial court's final judgment on the merits).

IV. *Conclusion.* Having found no merit in Watters' assignments of error in the trial of her malpractice claims, we affirm the judgment on the counterclaim and cross-petition. Accordingly, we conclude that any error committed by the district court in granting summary judgment to Grefe & Sidney on its petition for payment of legal fees and expenses is rendered harmless or moot. The judgment of the district court is affirmed.

**AFFIRMED.**