Tina B. HOTH, Appellant,

v.

Lyle MEISNER, Appellee.

No. 94–1660.

Supreme Court of Iowa.

May 22, 1996.

Kathleen Neylan of Neylan Law Office, Elkader, for appellant.

Stephen C. Krumpe and A. John Arenz of O'Connor & Thomas, P.C., Dubuque, and John J. Goen, Dyersville, for appellee.

PER CURIAM.

The plaintiff, Tina B. Hoth, has appealed from the district court's summary judgment against her in her common-law claim based on the furnishing of liquor to a minor in violation of Iowa Code section 123.47 (1989). We affirm.

In several recent cases, this court has rejected common-law claims for damages caused by a liquor licensee's furnishing of liquor to a minor. The court has done so primarily on the ground that common-law claims against a licensee are preempted by our dramshop statute, Iowa Code § 123.92. *See, e.g., Nutting v. Zieser,* 482 N.W.2d 424, 425 (Iowa 1992); *Fuhrman v. Total Petroleum, Inc.,* 398 N.W.2d 807, 809–10 (Iowa 1987); *Connolly v. Conlan,* 371 N.W.2d 832, 833 (Iowa 1985).

These cases are controlling here, despite the plaintiff's attempt to distinguish them factually. She claims that disputed facts exist as to whether the furnishing of alcohol was on the licensed premises or in the licensee's private living area located on the premises. She also claims there is a disputed fact as to whether the defendant furnished the alcohol as a social host or as a part of his liquor business.

The defendant's affidavit stated that the furnishing of alcohol was not in his private living quarters, that he did not furnish alcohol to anyone that night as a social host, and that all areas adjoining the bar were part of his licensed premises. This affidavit was unrefuted in the summary judgment record.

The plaintiff's resistance to the summary judgment motion stated that these facts were challenged, but she did not furnish any evidence to generate a dispute about them. Her pleadings and conclusions are insufficient standing alone to generate a genuine issue of fact. Iowa Rule of Civil Procedure 237(e) provides in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

We believe that the facts necessary to bring this action within the coverage of the dramshop statute were unrefuted in the summary judgment record. Based upon our law as set out in the cases cited above, the claim must be rejected. Accordingly, we affirm.

**AFFIRMED.**

All Justices concur except LARSON, J., and LAVORATO and SNELL, JJ., who dissent.

LARSON, Justice (dissenting).

The preemption argument, I believe, is inapposite. Our dramshop statute is very narrow. It applies only if a licensee sells *and* serves alcohol, and then only if the sale is to an adult. There are many areas of potential liability arising out of the furnishing of alcohol, therefore, that are not covered. How can a statute so narrowly drawn reasonably be said to preempt all other areas of potential liability such as the sale of liquor to a minor, as to which the statute does not even purport to apply?

The dramshop statute is a strict liability statute. There is no more justification for saying it preempts negligence suits in areas not covered by the statute than it does to say that the statutory adoption of strict liability in the Restatement (Second) of Torts section 496A preempts products liability based on negligence. That is certainly not our law.

This observation, and many others aimed at the preemption argument are set out in my dissent in *Eddy v. Casey's General Store, Inc.*, 485 N.W.2d 633, 638 (Iowa 1992) (Larson, J., dissenting), and I continue to rely on them here. I would reverse.

LAVORATO and SNELL, JJ., join this dissent.