Christian Jay BRENNEMAN, Individu-
ally and as Administrator of the Es-
tates of Samantha Brenneman and
Amanda Brenneman, Deceased, Appel-
lant,

v.

Jay B. STUELKE and Lori
Stuelke, Appellees.

No. 01–1886.

Supreme Court of Iowa.

Dec. 18, 2002.

Marc C. Moen, Iowa City, for appellant.

Chad M. VonKampen and Christine L. Conover of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellees.

CARTER, Justice.

Christian Brenneman, as parent and personal representative of Samantha Brenneman and Amanda Brenneman, deceased, appeals from an adverse summary judgment in his action seeking damages for the children's death in an automobile collision. The defendants, Jay Stuelke and Lori Stuelke, are alleged to have been social hosts of the deceased children and one Todd Graham sometime prior to the collision that killed Samantha and Amanda. That collision occurred off the premises of the defendants. Plaintiff asserted that the defendants were negligent in serving liquor to Todd Graham and then allowing him to drive away from their premises with Samantha and Amanda in his motor vehicle.

The defendants moved for summary judgment based on the social-host immunity created by Iowa Code section 123.49 (1999). Plaintiff sought to avoid that defense by urging that his claims were based on defendants' duty to control the conduct of Graham while he was on their premises. The district court sustained the motion for summary judgment. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

Plaintiff's petition alleges the following facts. Prior to the collision that killed Samantha and Amanda, they were present with Graham on defendants' premises. Defendant Jay Stuelke was Graham's employer. Defendants were giving a party to which Samantha, Amanda, and Todd Graham had been invited. Defendants provided intoxicating liquor to Todd Graham while he was on their premises. In addition it is alleged that, when Todd Graham drove away from defendants' home where the party took place with Samantha and Amanda in his motor vehicle, defendants were aware that he was in an intoxicated condition.

In making the record on the motion for summary judgment, the foregoing facts were assumed to be true. Defendants urged that they were immune from liability based on those facts by reason of Iowa Code section 123.49(1)(a), which provides:

A person other than a person required to hold a license or permit under this chapter who dispenses or gives an alcoholic beverage, wine, or beer in violation of this subsection [prohibiting the dispensing of alcoholic beverages to an intoxicated person] is not civilly liable to an injured person or the estate of a person for injuries inflicted on that person as a result of intoxication by the consumer of the alcoholic beverage, wine, or beer.

By its terms, section 123.49 ends the "social host" liability that was previously recognized in *Clark v. Mincks*, 364 N.W.2d 226, 231 (Iowa 1985).

Plaintiffs specify four particulars in which they allege defendants were negligent: (1) in serving Graham alcoholic beverages to the point of intoxication; (2) in serving Graham alcoholic beverages to the point of intoxication when they knew he had a drinking problem; (3) in allowing Graham to leave the party as a driver with children in the vehicle; and (4) in failing to take any action to protect the children, knowing they were passengers in a vehicle driven by an intoxicated person.

■ In reviewing the allegations of the petition, it is clear that the alleged

causal link between the first and second specifications and the deaths of Samantha and Amanda is Graham's intoxication. Thus, these two allegations of breach of duty clearly fall within the immunity provided by section 123.49(1). The third specification is also linked to the children's deaths in a causal sense as a result of Graham's intoxication and erratic driving. Consequently, that specification is also subject to the immunity provided by section 123.49(1). In considering the fourth specification, we perceive practical problems with imposing a broad duty on social hosts to ensure that minors do not leave the premises with an intoxicated driver. Social hosts are not caretakers of all minors present on their premises. Such a duty could require the social hosts to override parental decisions or those of a parent-designated caretaker. We decline to impose that duty on social hosts.

We are aware of a trilogy of cases recognizing social-host liability for the furnishing of liquor to persons not of legal age to consume alcoholic beverages. *See Garofalo v. Lambda Chi Alpha Fraternity*, 616 N.W.2d 647, 653 (Iowa 2000); *Sage v. Johnson*, 437 N.W.2d 582, 584–85 (Iowa 1989); *Blesz v. Weisbrod*, 424 N.W.2d 451, 452 (Iowa 1988). However, liability in those cases was predicated on the violation of statutory law in the furnishing of liquor to underage persons. Plaintiff has alleged no statutory violations.

■ Plaintiff seeks to avert the defendants' statutory immunity from social-host liability relying on the principle set forth in Restatement (Second) of Torts section 318 (1965). That section of the Restatement provides:

If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

(a) knows or has reason to know that he has the ability to control the third person, and

(b) knows or should know of the necessity and opportunity for exercising such control.

The duty described in section 318 is viewed narrowly and guided by the principle that "the scope of the duty turns on the foreseeability of harm to the injured person." *Morgan v. Perlowski*, 508 N.W.2d 724, 727 (Iowa 1993).

In *Morgan* a claim was brought by a social guest against a host for injuries received from a third person while attending a party at the host's residence. *Id.* at 725. Adopting section 318, the court concluded,

[a]s a matter of public policy, it is reasonable to impose a limited duty upon a possessor of land, who is present on the land, to control the conduct of social guests.

*Id.* at 728.

We have recognized some limits on the duty of a possessor of land to control the conduct of third parties. For example, in *Davis v. Kwik–Shop, Inc.*, 504 N.W.2d 877, 878 (Iowa 1993), a claimant alleged that a convenience store owner had a duty to protect him from injuries suffered on an adjacent business property by assailants who had earlier been on the convenience store's premises. We concluded that the store owner did not have a duty to protect the claimant, as the special relationship between the assailants and the convenience store had been severed once they left the store property. *Davis*, 504 N.W.2d at 879. Similarly, in *Kelly v. Sin-*

clair Oil Corp., 476 N.W.2d 341, 344 (Iowa 1991), a bartender had ordered a minor off of the tavern premises after seeing cans on the floorboard of his truck and smelling beer in the air. We concluded that the bartender did not have a duty to control the conduct of the minor.

The duty mandated by section 318 is "to control conduct of a *licensee* to prevent harm to others." *Morgan*, 508 N.W.2d at 728 (emphasis added). A licensee is "one who may enter or remain on land only with the possessor's consent." *Id.* at 727. Once a person leaves the land or remains without consent, the individual loses the status of "licensee," and the affirmative duty of the land possessor to control the individual's conduct would cease. Cases from other jurisdictions support this conclusion.

Kansas has adopted a requirement that the injury occur on the land in order for section 318 to be applicable. In *Beckner v. Jensen*, 29 Kan.App.2d 129, 24 P.3d 169 (2001), a property owner's son hosted a postprom "sleepover." One of the boys who attended the party remained awake all night, except for an hour in the morning between 6 and 7 a.m. On his way home, his vehicle left the road and struck a bicyclist, who later died from her injuries. The court of appeals concluded section 318 was inapplicable, as the duty under section 318 did not cover a licensee after leaving the landowner's property. *Beckner*, 24 P.3d at 172.

Ohio similarly adopted the requirement that the injury occur on the premises in *Gelbman v. Second National Bank of Warren*, 9 Ohio St.3d 77, 458 N.E.2d 1262 (1984). The court stated there was no authority

for extending a duty to control third parties to a property owner for the acts of unrelated individuals ... who have

left the owner's premises, have negligently entered a public thoroughfare outside the purview of the owner's control, and thereby negligently injure a third party.

*Gelbman*, 458 N.E.2d at 1264. The court reasoned that imposing a duty in such circumstances would be unreasonable, as there is little hope that the one made responsible could prevent the negligent conduct. *Id.* We agree that generally a property owner is not liable under section 318 of the Restatement for injuries off the premises that are directly caused by actions occurring off the premises.

Plaintiff urges that there were acts on defendants' premises that triggered liability under section 318 by reason of the language "duty to exercise reasonable care so to control the conduct of a third person as to prevent him from ... conducting himself as to create an unreasonable risk of bodily harm." He urges that such a risk was created from actions that took place on the premises. In resolving this issue we focus on (1) the language of the Restatement rule, and (2) the acts that occurred on defendant's premises. The language of the rule is aimed at acts that "intentionally" harm others. No acts of this nature on Graham's part have been alleged. In addition, to the extent that the Restatement rule establishes liability for acts that "create an unreasonable risk of bodily harm," the only acts by Graham that are alleged to create such risk are acts for which defendants are immune from liability under section 123.49. When the legislature has immunized specific acts from civil liability, an injured party may not avoid that immunity by alleging that the act violated a broad general duty. We reject the effort to do that in the present case. Summary judgment was properly granted.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

All justices concur except LARSON, J., who takes no part.