**IN THE COURT OF APPEALS OF IOWA**

No. 15-0203
Filed December 9, 2015

**PAULA SEGURA and**
**RICARDO SEGURA,**
    Plaintiffs-Appellants,

**vs.**

**STATE OF IOWA,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Marsha Bergan,

Judge.


Paula and Ricardo Segura appeal the district court's dismissal of their

petition for lack of subject matter jurisdiction. **AFFIRMED.**


Daniel D. Bernstein of Law Office of Daniel D. Bernstein, Iowa City, for

appellants.

Thomas J. Miller, Attorney General, Anne E. Updegraff, Assistant Attorney

General, and Jessica Tucker Glick and Richard M. Tucker of Phelan, Tucker,

Mullen, Walker, Tucker & Gelman, L.L.P., Iowa City, for appellee.


Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Paula and Ricardo Segura (the Seguras) appeal the district court's dismissal of their petition for lack of subject matter jurisdiction. The Seguras claim the State had adequate notice to investigate their claim and they submitted a "good administrative claim." They contend that any noncompliance with the administrative rules was harmless. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

The Seguras filed tort claims against the State of Iowa on May 12, 2011. Paula claimed she received negligent medical care while she was a patient at the University of Iowa Hospitals and Clinics (UIHC). Ricardo claimed he suffered a loss of consortium due to the negligent care Paula (his wife) received from the UIHC. On the signature line for each claimant, the Segura's attorney, Daniel Berstein, signed for Paula Segura and Ricardo Segura "per POA." The Seguras' tort claims were denied on February 6, 2012.

The Seguras filed the present action on August 3, 2012 naming the State as the defendant. On July 1, 2013, the State filed a motion to compel discovery and a motion to dismiss claiming the Seguras had not complied with Iowa Code chapter 669 (2011) as they had not signed the tort claim forms or attached a copy of the power of attorney to the claims. At the hearing on the motion, Berstein admitted he had not received written powers of attorney from the Seguras. The court denied the motion to dismiss because it was necessary to consider evidence to resolve the issue; the court found the more appropriate avenue was to utilize the summary judgment procedure.

The Seguras then filed a petition for declaratory judgment and/or motion for partial summary judgment on October 15, 2014. The State resisted claiming the Seguras had failed to exhaust their administrative remedies because they had not signed the tort claims. The district court agreed with the State and dismissed the Seguras' lawsuit for lack of subject matter jurisdiction. The Seguras appeal from the district court's dismissal.

We review subject matter jurisdiction rulings for correction of errors at law. *Klinge v. Bentien*, 725 N.W.2d 13, 15 (Iowa 2006); *see also* Iowa R. App. P. 6.907.

On appeal the Seguras contend the claim forms submitted by their attorney provided adequate notice for the State to commence its own investigation.[1] The Seguras also claim their failure to personally sign the claim forms is *de minimus*. The State counters by noting the Seguras' claim concerning notice was not previously raised and it is therefore not preserved for our review. The State also claims the Seguras did not comply with the requirements for filing a tort claim; therefore, as their administrative remedies were not exhausted, the court was without jurisdiction.

---

[1] We find the Seguras' claim concerning notice was not preserved for our review as it was not raised or ruled upon below. A party ordinarily must raise an issue and the district court must rule on that issue to ensure preservation for appellate review. *Duck Creek Tire Serv., Inc. v. Goodyear Corners, L.C.*, 796 N.W.2d 886, 892 (Iowa 2011). The issue raised at trial must have been "sufficiently definite to have alerted the trial court to the error claimed so as to have given the court a chance to correct it." *Grefe & Sidney v. Watters*, 525 N.W.2d 821, 825 (Iowa 1994). "If the court's ruling indicates that the court considered the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (citation omitted). "The claim or issue raised does not actually need to be used as the basis for the decision to be preserved, but the record must at least reveal the court was aware of the claim or issue and litigated it." *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002) (citations omitted).

We agree with the State and adopt the district court's well-reasoned opinion. The district court concluded:

> Based on Iowa's policy to model ITCA [(the Iowa Tort Claims Act)] law after FTCA [(the Federal Tort Claims Act)] law, this Court concludes that it is necessary for a claims form filed under the ITCA to include evidence of a person's authority to represent the claimant, if the claims form is not, in fact, signed by the claimant. Attorney Berstein is unable to show that he had valid and specific powers of attorney, or any other legal capacity, to represent the claimants through the signing of their names to the claims forms. Attorney Bernstein signed the forms "per POA" even though there were no powers of attorney in place at the time the forms were signed. Despite having the opportunity during this stage of the litigation to provide such evidence, Attorney Berstein has not shown that the claims forms were completed according to the administrative rules governing claims filed under the ITCA. Thus, the administrative procedures for filing a claim to the State Appeal Board under the ITCA have not been exhausted. Because the jurisdictional requirements of the ITCA have not been met, this Court is without jurisdiction to consider Plaintiffs' claims. There are not genuine issues of material fact on the issue raised by Plaintiffs in their Petition for Declaratory Judgment and/or Motion for Partial Summary Judgment. The Court concludes it appropriate to declare the "rights, duties, status, or other legal relationships of the parties" under the undisputed facts. *See Dubuque Policeman's Protective Ass'n* [ *v. City of Dubuque*], 553 N.W. 2d [603,] []606 [(Iowa 1996)] . Plaintiff's Petition should be dismissed due to this Court's lack of jurisdiction to consider Plaintiffs' claims.

We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**