# IN THE COURT OF APPEALS OF IOWA

No. 19-0564
Filed October 7, 2020

ERNIE L. ANDERSON and ANTHONY ANDERSON, Co-Administrators and Personal Representatives of the ESTATE OF CHARLOTTE L. ANDERSON, Deceased,
　　　Plaintiffs-Appellants,

vs.

DONNA BOTHWELL, MARK BOTHWELL, ASHLEY MEEKER, and ROJOBO, INC. d/b/a DOC'S ROAD HOUSE,
　　　Defendants-Appellees.
_____

Appeal from the Iowa District Court for Harrison County, Richard H. Davidson, Judge.

The estate of Charlotte Anderson appeals from the district court order granting summary judgment in favor of the defendants on its claims of negligence and misconduct. **AFFIRMED.**

Theodore R. Boecker Jr. of Boecker Law, P.C., L.L.O., Omaha, Nebraska, for appellants.

Michael T. Gibbons of Woodke & Gibbons, P.C., L.L.O., Omaha, Nebraska, for appellees.

Heard by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

Charlotte Anderson died after being struck by a vehicle driven by Austin Arndt while he was intoxicated. Anderson's estate[1] sued a bar Arndt had been drinking in, its owners, and one of its employees for acts of negligence and misconduct. The estate appeals the order granting summary judgment in favor of the defendants. Two questions are presented for our review: (1) whether the estate's negligence claims that are independent from serving alcohol are barred by the settlement of a dramshop action against the bar, and (2) whether social host immunity extends to protect those who are not licensees and permittees from a negligence claim for allowing an intoxicated individual to operate a motor vehicle.

**I. Background Facts and Proceedings.**

On the evening of July 4, 2015, Arndt consumed alcoholic beverages at Doc's Road House. When Arndt first arrived at the bar, he gave the keys to his truck to Ashley Meeker, a bar employee. Arndt estimates he drank ten or eleven beers at the bar between 6:30 and 11:00 p.m. Meeker returned the keys to Arndt when he decided to leave at around 11:00 p.m. Arndt lost control of his truck while driving, striking and killing Anderson.

Anderson's estate filed two separate lawsuits relating to Anderson's death. In one, the estate sued the bar[2] for dramshop liability. The parties reached a settlement, with the estate agreeing to "completely release and forever discharge"

---

[1] Although the plaintiffs in this action are Ernie Anderson and Anthony Anderson, co-administrators and personal representatives of the Estate of Charlotte Anderson, we refer to them collectively as the estate.

[2] Rojobo, Inc. is an Iowa corporation that does business as Doc's Road House, which is licensed to sell alcoholic beverages by the Iowa Liquor Control Commission. We refer to that entity as the bar.

the bar from "any and all past, present, or future claims . . . relating to claims and causes of action for Dram Shop Liability . . . or claims for liability arising 'by reason of the selling, serving or furnishing of any alcoholic beverage.'"

The estate also pursued an action against the bar, its owners, and Meeker. In that action, the estate alleged Meeker was negligent by returning Arndt's keys when he was visibly intoxicated, and the bar's owners, Donna and Mark Bothwell, failed to properly supervise and train Meeker. The estate also alleged the bar was liable for the acts of Meeker and the Bothwells under the principles of respondent superior and agency.

After the estate settled the dramshop action, the defendants moved for summary judgment in the negligence action. They alleged that the dramshop settlement barred the estate's other claims against the bar and that the Bothwells and Meeker are protected by social host immunity. The district court agreed and granted summary judgment in favor of the defendants. The estate appeals.

**II. Scope and Standard of Review.**

We review the district court's grant of summary judgment for correction of errors at law. *See Banwart v. 50th Street Sports, L.L.C.*, 910 N.W.2d 540, 544 (Iowa 2019). In doing so, we review the entire record before the district court at the time of summary judgment and view the evidence in the light most favorable to the nonmoving party. *See Iowa State Educ. Ass'n v. State*, 928 N.W.2d 11, 15 (Iowa 2019). "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," the court must render summary judgment. Iowa R. Civ. P.

1.981(3). A fact is material if it affects the outcome of the case, and a genuine issue exists when reasonable minds could disagree. *See Banwart*, 910 N.W.2d at 544.

### III. Discussion.

### A. Dramshop Settlement.

The estate contends the district court erred in finding that the settlement in the dramshop action bars the claims asserted here. It argues this action is not predicated on dramshop liability but rather on the negligence of the bar's owners and an employee.

Iowa Code section 123.92(1)(a) (2015) allows one who is injured as a result of another person's intoxication to seek damages against a business that sold or served alcoholic beverages to that person while visibly intoxicated. "The purpose of the statute is to 'place a hand of restraint'" on establishments who are licensed to sell alcoholic beverages, and the court liberally construes the statute "to discourage the selling of excess liquor." *Banwart*, 910 N.W.2d at 545. In enacting section 123.92, the legislature struck a balance by making those establishments strictly liable for serving intoxicated persons but otherwise limiting their liability to preempt any recovery under common law tort. *See Connolly v. Conlan*, 371 N.W.2d 832, 833 (Iowa 1985). As a result, our supreme court has consistently held that section 123.92 preempts common law claims against establishments licensed to sell alcoholic beverages. *See Hoth v. Meisner*, 548 N.W.2d 152, 152 (Iowa 1996) (citing cases); *Summerhays v. Clark*, 509 N.W.2d 748, 750 (Iowa 1993) ("This court has consistently decided, however, that Iowa Code section

123.92 provides the exclusive remedy against liquor licensees and permittees for losses related to the furnishing of alcohol to an intoxicated adult.").

The estate argues Meeker's negligent act of giving Arndt his keys back while he was intoxicated falls outside the conduct preempted by the dramshop act. The estate relies on *Anderson v. Miller*, 559 N.W.2d 29, 33 (Iowa 1997), in which the court considered whether the estate of an intoxicated driver could sue the person who entrusted the intoxicated driver with the vehicle. The supreme court quoted 7A Am.Jur.2d *Automobiles & Highway Traffic* § 646, at 645 (1980), for the theory of negligent entrustment of a vehicle to an intoxicated driver: "One who entrusts a motor vehicle to a person who is intoxicated, under circumstances charging him with knowledge of that condition, is, as a matter of reasonable prudence and experience, liable for injury or damage proximately resulting." *Anderson*, 559 N.W.2d at 33. Ultimately, the court in *Anderson* rejected the negligent-entrustment claim because it violated public policy by relying on the plaintiff's own illegal act of operating a motor vehicle while intoxicated. *Id.* at 34. But the estate here argues that the defendants should be held liable for Meeker's act of returning Arndt his keys while he was intoxicated under theory of negligent entrustment, which falls outside the scope of activity covered by the dramshop act.

In rejecting the estate's claim, the district court cited to *Brenneman v. Stuelke*, 654 N.W.2d 507, 508 (Iowa 2002), which involved the death of two children who were passengers in a vehicle driven by an intoxicated driver. The children's mother sued the couple who held the party at which the driver had been drinking prior to driving. *Brenneman*, 654 N.W.2d at 508. The couple was immune from liability for providing the driver with alcoholic beverages to the point of

intoxication under social host immunity. *See id.* at 509. But the children's mother also alleged that they were liable for allowing the driver to leave the party with the children in the vehicle. *Id.* at 508. The supreme court rejected this claim, holding that liability for allowing the driver to leave the party with the children in his vehicle was causally linked to the driver's intoxication and thus fell within the couple's social host immunity. *Id.* at 509. On this basis, the district court found the alleged negligence in returning Arndt his keys "is inextricably linked to the bar owners and employee serving Ardnt alcohol that evening" and could not survive settlement of the dramshop action.

The estate also cites to cases in other jurisdictions in which defendants could be held liable for facilitating the use of a vehicle by an intoxicated person. *See Verduzco v. Am. Valet*, 377 P.3d 1016, 1023 (Ariz. Ct. App. 2016) (finding negligent entrustment claim against parking valet service for entrusting a vehicle to a driver "who they had reason to know was under the influence and behaving erratically and was incompetent to drive and who had no right or lawful authority to the car" did not fail as a matter of law); *Leppke v. Segura*, 632 P.2d 1057, 1059 (Colo. App. 1981) (holding a fact finder could find defendants negligent for act of "jump-starting an automobile of an obviously drunk driver, thus giving him mobility which otherwise he would not have had"); *Simmons v. Homatas*, 925 N.E.2d 1089, 1102–03 (Ill. 2010) (holding facts were sufficient to state a common law negligence cause of action that is not preempted by the Dramshop Act where "a defendant is alleged to have removed a patron for being intoxicated, places the patron into a vehicle and requires him to drive off" but noting that it was not requiring "restaurants, parking lot attendants or social hosts . . . to monitor their patrons and

guests to determine whether they are intoxicated"). But those cases involve intoxicated drivers who did not consume alcohol on the defendants' premises. The district court refused to decide whether the defendants could be held liable for providing keys to an intoxicated driver who had not been drinking at the bar as purely hypothetical because the unrebutted evidence showed Arndt was drinking at the bar on the night in question.

We find no error in the district court's analysis. "When the legislature has immunized specific acts from civil liability, an injured party may not avoid that immunity by alleging that the act violated a broad general duty." *Brenneman*, 654 N.W.2d at 510. Likewise, the estate may not bypass the dramshop act's preemption of common law claims. Because the behavior at issue falls under dramshop liability, for which the estate settled its claims with the bar, we affirm the grant of summary judgment in favor of the bar.

## B. Social Host Immunity.

The estate also contends that social host immunity does not insulate those who are not licensees or permittees from a negligence claim for allowing an individual to operate a motor vehicle while intoxicated.

"By its terms, the dramshop statute extends liability only to liquor licensees and permittees." *Summerhays v. Clark*, 509 N.W.2d 748, 752 (Iowa 1993). Iowa Code section 123.49(1)(a) states:

> A person other than a person required to hold a license or permit under this chapter who dispenses or gives an alcoholic beverage in violation of this subsection is not civilly liable to an injured person or the estate of a person for injuries inflicted on that person as a result of intoxication by the consumer of the alcoholic beverage.

By enacting section 123.49(1), the Iowa legislature abrogated the social host liability found in *Clark v. Mincks*, 364 N.W.2d 226 (Iowa 1985), "in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injury inflicted upon another by an intoxicated person." Iowa Code § 123.49(1)(b). "Through this statutory change, the legislature has plainly immunized [social hosts] from liability . . . ." *Summerhays*, 509 N.W.2d at 752.

The district court determined that the Bothwells and Meeker are not liable to the estate for Arndt's actions as a matter of law under the provisions of section 123.49(1) and the *Brenneman* holding. We agree. Although the estate argues that *Brenneman* was wrongly decided, we are not at liberty to overrule controlling supreme court precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). The estate attempts to distinguish the facts before us from the facts of *Brenneman*, noting that Meeker had Arndt's keys in her possession and claiming she could have withheld them to prevent Arndt from driving. We find the argument unavailing. As the district court observed, the Iowa legislature is the more appropriate forum for arguing against applying social host immunity to factual scenarios like the one before us.

Because the behavior at issue falls under dramshop liability, the Bothwells and Meeker are immune from liability under section 123.49(1).

**AFFIRMED.**