**Earl W. HILL, Plaintiff–Appellee,**

v.

**WINNEBAGO INDUSTRIES, INC., Defendant,**

**John K. Hanson, Defendant–Appellant.**

No. 93–999.

Court of Appeals of Iowa.

June 28, 1994.

Diane M. Stahle and Gene R. LaSuer of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellant.

Roger J. Kuhle and John O. Haraldson, Law Office of Roger J. Kuhle, West Des Moines, for appellee.

Heard by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

John K. Hanson appeals the district court's denial of his motion for a directed verdict following a jury verdict and judgment against him for intentionally interfering with Earl Hill's contract of employment. We reverse.

Hanson is the founder and the chairman of the board of Winnebago Industries. Hanson and his wife are the majority shareholders. Together they own forty-six percent of Winnebago's stock.

In December of 1989 Richard Conner was named president and chief executive officer of Winnebago. In January 1990 Conner created a new position at Winnebago, executive assistant to the chief executive officer, and hired Earl Hill to fill the position. Hill had previously been outside counsel for a subsidiary of Winnebago.

In February 1990 Conner wrote a review of Winnebago's increasing financial problems and attributed many of them to Hanson's mismanagement. Conner suggested Hanson should be removed from Winnebago's day-to-day operation. Conner issued several memorandums to this effect and passed them on to all officers and directors except Hanson.

In April Hanson learned of the situation from Ray Beebe, general counsel and secretary of Winnebago. Hanson placed Conner on a leave of absence, which ultimately led to his termination. Shortly thereafter Hill was informed by Hanson that his employment was being terminated because, without Conner, his job was eliminated.

Hill filed suit against Winnebago for breach of express employment agreement, breach of unilateral employment agreement based on the employee handbook, and breach of implied employment agreement, and against Hanson for intentional interference with Hill's employment contract. The court granted defendant's motion for directed verdict on the claim for breach of unilateral contract. The court submitted to the jury the claims for breach of express oral contract by Winnebago and intentional interference with that contract by Hanson.

The jury found no breach of contract by Winnebago. It did find Hanson had intentionally interfered with Hill's contract. It awarded Hill $20,000 for past emotional distress and $80,000 in punitive damages. Hanson's motions for judgment notwithstanding the verdict and for new trial were denied.

■ Our review of the court's denial of a directed verdict is for correction of errors of law and is limited to the grounds raised in the motion. *Federal Land Bank of Omaha v. Woods*, 480 N.W.2d 61, 65 (Iowa 1992); Iowa R.App.P. 4. A directed verdict is appropriate in cases where any element of the claim is not supported by substantial evidence. *Oberreuter v. Orion Indus., Inc.*, 398 N.W.2d 206, 209 (Iowa App.1986). A court ruling on a motion for directed verdict must view the evidence in the light most favorable to the nonmoving party. Iowa R.App.P. 14(f)(2). The movant is considered to have admitted the truth of all evidence offered by nonmovant and every favorable inference that may be deduced from it. *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 284 (Iowa 1976). To overrule the motion, the court must find substantial evidence in support of each element of the claim. *Beitz v. Horak*, 271 N.W.2d 755, 757 (Iowa 1978). If reasonable minds could differ, an issue is for the jury. *Harvey v. Palmer College of Chiropractic*, 363 N.W.2d 443, 444 (Iowa App. 1984).

Hanson contends the issue of intentional interference with a contract should not have been submitted to the jury. He asserts his conduct was not improper, and he was acting in the best interest of Winnebago. We agree.

■ The interference with a contractual relationship must be both intentional *and* improper. *Nesler v. Fisher and Co.*, 452 N.W.2d 191, 197 (Iowa 1990). Interference with a contract is intentional if the defendant either interferes with the contract on purpose or knows the conduct is substantially certain to interfere with the contract. Restatement (Second) of Torts § 766 cmt. j (1979). In determining whether an interference is improper, consideration is given to the following factors:

(a) the nature of the actor's conduct

(b) the actor's motive

(c) the interests of the other with which the actor's conduct interferes,

(d) the interests sought to be advanced by the actor,

(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,

(f) the proximity or remoteness of the actor's conduct to the interference and

(g) the relations between the parties.

*Id.* at § 767. In *Toney v. Casey's General Stores, Inc.,* 460 N.W.2d 849, 853 (Iowa 1990) our supreme court turned to this section when faced with a similar situation.

 We have considered these factors and in viewing the evidence in the light most favorable to Hill, it is clear Hanson's animosity and actions were directed solely at Conner, not at Hill. Conner was placed on leave by Hanson and then terminated by the Board of Directors. After this occurred the position of executive assistant to the chief executive officer was eliminated.

■ Hill's contract was one of employment at will. An at-will employee may be terminated at any time as long as there was a legitimate business purpose behind the employer's actions. *Id.* at 854. While the elimination of the position was an unfortunate consequence, the termination of Hill was a logical and legitimate business decision. There was no improper motive.

■ In addition, as a matter of agency law, a corporate officer is not ordinarily liable in damages for breach of a contract by the corporation; the corporation as the principal is liable. *Bossuyt v. Osage Farmers Nat'l Bank,* 360 N.W.2d 769, 778 (Iowa 1985) (citations omitted). Hanson and his wife are the majority stockholders. He is chairman of the board of directors and has been actively involved in the management of Winnebago since its founding.

In *Bossuyt* our supreme court relied on the reasoning that a director or stockholder is privileged to interfere with a contract so long as they do not use any improper means and if they acted in the best interests of the corporation. *Id.* (citing *Wilson v. McClenny,* 262 N.C. 121, 136 S.E.2d 569, 578 (1964)). As a director Hanson enjoyed a qualified privilege to interfere with the employment relationship between Winnebago and one of its employees. As shown above, the evidence is insufficient to establish Hanson acted with an improper motive or exceeded the scope of his privilege.

We conclude reasonable minds could not differ as to whether Hanson's actions were inappropriate or were directed at Hill. Substantial evidence does not support a finding of intentional interference by Hanson.

Hanson's motion for a directed verdict on the issue of intentional interference with Hill's contract should have been awarded. Accordingly, we reverse the judgment of the district court and dismiss the action.

**REVERSED AND DISMISSED.**