**IN THE COURT OF APPEALS OF IOWA**

No. 17-1698
Filed September 12, 2018


**MAX THORNDIKE,**
   Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
   Respondent-Appellee.
_____


   Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


   Applicant appeals from the denial of his application for postconviction relief.

**AFFIRMED.**



   Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

   Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.



   Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Max Thorndike appeals the dismissal of his application for postconviction relief (PCR). He argues he was provided with ineffective assistance of counsel during his trial, appeal, and PCR hearing. We find trial counsel was not ineffective, and therefore neither were appellate or PCR counsel. We affirm the district court.

## I.    Background Facts & Proceedings

In 2013, Thorndike was convicted of second-degree sexual abuse and lascivious acts with a child, and we affirmed his conviction. *See State v. Thorndike*, 860 N.W.2d 316 (Iowa 2015). Thorndike filed a pro se application for PCR on May 18, 2015, which counsel later recast.[1] In his third amended application, Thorndike claimed ineffective assistance based on trial counsel's failure to elicit testimony from two witnesses in his defense.

On appeal, Thorndike asserts a new theory of trial counsel's ineffective assistance based on failure to object to prosecutorial misconduct in closing arguments. Thorndike also claims counsel on direct appeal and PCR counsel were ineffective for failing to raise the issue of trial counsel's ineffective assistance.

## II.    Standard of Review

Generally, we review PCR proceedings for errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). To establish an ineffective-assistance-of-counsel claim based on

---

[1] A first amended application was filed May 26, 2016. A second amended application for PCR was filed following depositions on August 29, 2017. A third amended application, removing a count, was filed September 1.

prosecutorial misconduct, the defendant must establish proof of misconduct and the misconduct resulted in prejudice denying the defendant of a fair trial. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

### III. Error Preservation

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). No claim of prosecutorial misconduct or prosecutorial error was raised, discussed, or decided below, leaving us with no relevant record aside from the trial transcript. However, our supreme court has opted to take a pragmatic approach to consider issues raised on appeal from PCR proceedings, if possible. *See Hannan v. State*, 732 N.W.2d 45, 50 n.1 (Iowa 2007) (considering the issue raised on appeal rather than requiring the filing of a new PCR action).

We note our future treatment of similar claims will be governed by *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). In *Allison,* a new PCR petition may be filed alleging ineffective assistance of PCR counsel, with the timing for purposes of the statute of limitations relating to the filing of the original PCR petition, rather than the date the conviction was final or writ of procedendo issued. *Id.* (interpreting the timing requirement of Iowa Code section 822.3). Thorndike's statute of limitations pursuant to *Allison* tolled prior to that decision's publication, so we will decide the case pursuant to *Hannan*. Generally, in new PCR proceedings based on ineffective assistance of PCR counsel, it will be necessary to establish a record,

including testimony from the counsel whose assistance is challenged, for our review.

### IV. Merits

Thorndike claims prosecutorial misconduct occurred during cross-examination—through examination of Thorndike about his marriages—and closing arguments—in the form of mischaracterizing Thorndike's testimony, vouching for the victims' credibility, and alleging Thorndike removed incriminating evidence from the scene.

Prosecutorial misconduct occurs "'where a prosecutor intentionally violates a clear and unambiguous obligation or standard imposed by law, applicable rule or professional conduct,' as well as 'those situations where a prosecutor recklessly disregards a duty to comply with an obligation or standard.'" *State v. Schlitter*, 881 N.W.2d 380, 394 (Iowa 2016). In contrast, where the prosecutor exercises poor judgment or makes a mistake based on excusable human error, prosecutorial error occurs. *Id.* In closing arguments, the prosecutor may draw conclusions and make inferences reasonably flowing from the evidence presented, but may not create evidence or misstate facts. *State v. Coleman*, 907 N.W.2d 124, 145 (Iowa 2018). When the case turns on which of two conflicting stories is true, the attorney may argue that certain testimony is not believable. *State v. Graves*, 668 N.W.2d 860, 876 (Iowa 2003).

### A. Misconduct

First, Thorndike claims prosecutorial misconduct occurred when the prosecutor asked him about the names of his prior spouses and the length of the

marriages, then misrepresented the testimony in closing argument. When discussing his former marriages, Thorndike had left one out, and when he went back to talk about this former spouse, he was cut off by the prosecutor.

Thorndike has failed to cite any obligation or standard violated by the prosecutor for questioning a defendant about his former relationships or any cases finding such questioning amounts to prosecutorial misconduct or error. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3); *see Pierce v. Staley*, 587 N.W.2d 484, 486 (Iowa 1998). Indeed, the cross-examination was reasonable and does not constitute a violation of any standard or ethical obligation. The prosecutor used Thorndike's memory slip in closing argument to draw a reasonable inference as to his ability to clearly remember the night in question. This is a permissible inference and does not rise to prosecutorial error or misconduct.

Second, Thorndike claims the prosecutor vouched for the victims' credibility. The language Thorndike points to as vouching for the victims' credibility by the prosecutor includes the following statements:

> Well it's not easy for seven-year-old girls to come into this big courtroom, sit on that chair in front of all of us. . . . What axe do they have to grind with him? What bias do they have? What prejudice do they have to come in here and tell you that the defendant took their hand and placed his genitals in their hand?

The prosecutor then noted Thorndike did have an interest in the outcome of the trial with a strong motive for saying he did not commit the crime.

Our supreme court explained the line of prosecutorial vouching in *Graves*: the prosecutor may argue reasonable inferences and conclusions but may not

express personal beliefs. 668 N.W.2d at 874. The prosecutor here did not tell the jury the victims were telling the truth, or that Thorndike was lying. Instead, the prosecutor encouraged the jury to draw inferences from the individual circumstances of the witnesses. We find the prosecutor's comments did not constitute vouching for the victims' credibility.

Finally, Thorndike claims the prosecutor alleged in closing argument rebuttal Thorndike removed incriminating evidence from the crime scene. While we allow counsel some latitude during closing arguments in analyzing admitted evidence and arguing inferences, "counsel has no right to create evidence." *State v. Thornton*, 498 N.W.2d 670, 676 (Iowa 1993). Thorndike's closing argument had emphasized no physical evidence of the crime exists. In rebuttal, the prosecutor referred to Thorndike's law enforcement background, and stated Thorndike would have learned things about the investigation process he could use to get away with a crime. This argument posed hypothetical thoughts Thorndike could have had, including, "Don't leave any evidence. If there is any evidence, take it with you." However, at no point in the trial did the prosecutor claim physical evidence of any kind existed that Thorndike took with him away from the scene.

While perhaps not the best considered comment, it did not constitute misconduct. At most, the prosecutor's comment responding to defense's closing argument could be seen as error. As part of rebuttal, the comment was a reaction to the closing statement from Thorndike's counsel and an extrapolation of evidence presented to the jury of Thorndike's employment history. It might show poor

judgment, but does not rise to an intentional or reckless disregard of the prosecutor's obligations.

### B.     Prejudice

Even if the final comment in the State's rebuttal constituted prosecutorial error, we find no prejudice resulted.   In the context of prosecutorial error or misconduct, to determine prejudice, we consider:

> (1) the severity and pervasiveness of the misconduct; (2) the significance of the misconduct to the central issues in the case; (3) the strength of the State's evidence; (4) the use of cautionary instructions or other curative measures; and (5) the extent to which the defense invited the misconduct.

*State v. Plain*, 898 N.W.2d 801, 820 (Iowa 2017) (citation omitted).  "Generally, we find prejudice where the prosecutor has demonstrated a persistent effort to present prejudicial information to the jury."  *Coleman*, 907 N.W.2d at 140.

Applying each factor to the comment claimed as misconduct, we find no prejudice.   As discussed above, the comment does not constitute severe misconduct, and as a single instance cannot be considered pervasive.   The comment was not significant to the State's case and evidence, which required a credibility determination by the jury between Thorndike, the children, and the other witnesses.  No curative measures or cautionary instructions were necessary.  The comment was a response to the defense's closing argument.  In short, none of the elements for prejudice is met.  Thorndike's trial counsel did not provide ineffective assistance, and Thorndike's right to a fair trial was not prejudiced.

"Counsel has no duty to raise an issue that has no merit."  *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).   Because trial counsel was not ineffective,

appellate counsel and PCR counsel did not fail a duty in not raising prosecutorial misconduct. Appellate counsel and PCR counsel did not provide ineffective assistance.

**AFFIRMED.**

Potterfield, P.J., concurs; McDonald, J., concurs specially.

**McDONALD, Judge** (concurring specially)

I respectfully concur only in the judgment of the court. This court is a court for the correction of legal error. *See* Iowa Code § 602.5103(1) (2015) (providing the court of appeals "constitutes a court for the correction of errors at law"). In this case, Thorndike contends his second postconviction counsel provided ineffective assistance in failing to assert his first postconviction counsel provided ineffective assistance in failing to assert his appellate counsel provided ineffective assistance in failing to assert his trial counsel provided ineffective assistance in failing to object the prosecutor's closing argument. Thorndike thus failed to preserve error on his claim. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). I would affirm the judgment of the district court for this reason.