# IN THE COURT OF APPEALS OF IOWA

No. 21-0047
Filed March 2, 2022

**MARK HOPPER,**
    Plaintiff-Appellant,

**vs.**

**CITY OF WATERLOO,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Mark Hopper appeals the dismissal of his petition seeking title to property awarded to the City of Waterloo under Iowa Code section 657A.10A (2019). **AFFIRMED.**

Mark L. Hopper, Waterloo, self-represented appellant.

Timothy C. Boller of Weilein & Boller, P.C., Cedar Falls, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Mark Hopper and his father bought a Waterloo, Iowa property on contract. After they executed the contract, Hopper's father moved out of state, and Hopper was imprisoned. Hopper and his father assigned "all right, title and interest in" the property to Dynasty's Investment Group (DIG). The contract seller executed a warranty deed in favor of DIG.

The year following DIG's incorporation, the City of Waterloo sued DIG and several other defendants, including creditors of Hopper. Hopper was not named as a defendant. The City sought to have the property declared abandoned under Iowa Code section 657A.10A (2014) and have title awarded to it. The City also applied to have a guardian ad litem appointed "for the unknown parties as well as parties who may be non-residents of Iowa, and cannot be located." The district court granted the application.

Hopper, "proceeding pro se," filed an answer on behalf of himself as an "investor in DIG" and on behalf of DIG. He listed his address as the Federal Medical Center in Minnesota. He sought a stay of the action until the court "considered the merits of DIG's response in light of the evidence." The district court scheduled a hearing on the City's petition. In response, Hopper—again acting on behalf of himself as an "investor in DIG" and on behalf of DIG—opposed the scheduled hearing and sought a stay or delay. The district court held the hearing as scheduled and ruled that the property was abandoned. The court awarded title to the City.

Following his release from prison five years later, Hopper sued the City, alleging (1) he was "part owner of" DIG; (2) the City's abandonment petition

described him as a former titleholder; (3) he "was incarcerated in the custody of the" United States Bureau of Prisons during the prior proceeding; (4) "as an incarcerated person, the [g]uardian [a]d [l]item should have also been tasked with determining and protecting his interests"; (5) he "was not served, or even named as a respondent or interested person"; (6) he nonetheless became aware of the action and filed an answer; (7) he "was unable to attend [the abandonment hearing] due to being incarcerated"; (8) he was "unfairly, unconstitutionally and inequitabl[y] deprived of his notice, due process and any realistic opportunity to present a case regarding his interests in the property"; (9) witnesses for the City made "false statements"; and (10) a witness who "attended the hearing as a trustee" on his behalf and on behalf of DIG stated the property was not abandoned. Hopper sought "[f]ull title to the property" and money damages. The district court dismissed the petition following a bench trial. Hopper appealed.[1]

Although actions filed under Iowa Code section 657A.10A are in equity and are reviewed de novo, we review the issues raised in this appeal for errors of law. *See* Iowa Code § 657A.10 A (2019)[2]; *Toney v. Parker*, 958 N.W.2d 202, 208 (Iowa 2021) ("We review a district court's ruling on a motion to vacate for correction of errors at law."); *cf. Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, *Univ. of Iowa*, 763 N.W.2d 250, 257 (Iowa 2009) (reviewing ruling on standing for errors of law).

---

[1] Hopper originally filed his final brief as his reply brief and his reply brief as his final brief. The supreme court ordered them switched.

[2] After Hopper filed his initial petition in the present action, the legislature amended Iowa Code section 657A.10A and moved the language to Iowa Code section 657A.10B. *See* 2019 Iowa Acts ch. 105, §§ 14, 15, 17.

## I.      *Real Party in Interest/Appointment of Guardian Ad Litem*

At trial, the City argued DIG rather than Hopper was the real party in interest. Hopper responded that he was the alter ego of DIG and, because he was incarcerated at the time the City sued DIG for abandonment, the guardian ad litem should have advocated for his interests. The district court addressed the real-party-in-interest and guardian-ad-litem questions together. We will do the same, but preliminarily, we will confront a motion filed by the City on appeal.

The City moved to strike the real-party-in-interest and guardian-ad-litem arguments made by Hopper because they were raised for the first time in Hopper's reply brief. The City is correct that we need not consider an appellant's arguments that are omitted from the primary brief. *See State v. Zacarias*, 958 N.W.2d 573, 581 (Iowa 2021). But the City raised both arguments in its responsive brief, affording Hopper the opportunity to reply to them. And, even if his reply could be construed as going beyond the City's brief, his primary brief stated the property "was condemned . . . while he was in [p]rison and unable to adequately defend against the action," and the City improperly imputed a duty "to wholly and completely defend the Action." Hopper characterized the property as his and stated he "took affirmative steps consistent with ownership and non-abandonment." These assertions are sufficient to apprise this court of his claim he was the real party in interest in the prior abandonment action and entitled to a guardian ad litem based on his imprisonment. We deny the City's motion to strike the arguments.

The City also argues Hopper waived the guardian-ad-litem issue by failing to cite authority in support of it. *See* Iowa R. App. P. 6.903(2)(g)(3). We agree

Hopper did not cite the rule governing appointment of guardians ad litem for incarcerated people. But the substance of his argument is clear. *See Pierce v. Staley*, 587 N.W.2d 484, 486–87 (Iowa 1998) (finding an issue raised in the body of the brief was not waived notwithstanding the failure to cite pertinent authority). Accordingly, we decline to find a waiver of error.

Iowa Rule of Civil Procedure 1.201 states, "Every action must be prosecuted in the name of the real party in interest." "A real party in interest . . . is the person who is the true owner of the right sought to be enforced." *Pillsbury Co., Inc. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 435 (Iowa 2008). The district court concluded "DIG would be the real party in interest to the extent of any claims Hopper seeks to bring in this matter." We discern no error in this conclusion.

The City's abandonment petition listed DIG as the "titleholder to this property." Hopper did not deny the allegation in his answer to the petition or in his subsequent filing. He simply asserted he had an interest in the litigation as an investor in DIG. His status as an investor did not make him an individual party to the abandonment action. Nor did that status allow him to act on behalf of DIG in the abandonment action. *See Hawkeye Bank & Tr., Nat'l Ass'n v. Baugh*, 463 N.W.2d 22, 25 (Iowa 1990) (adopting "the general rule that a corporation may not represent itself through nonlawyer employees, officers, or shareholders"). In short, Hopper had no legal rights in the prior abandonment action, and he could not assert the legal rights of DIG.

At trial in this action, Hopper attempted to circumvent that result by asserting he was the "alter-ego" of DIG. "Courts usually use the alter ego doctrine to hold the shareholders of a corporation responsible for corporate liabilities" or "to reach

corporate assets to satisfy the personal liabilities of the corporate owners." *Gilleard v. Nelson*, No. 03-1496, 2005 WL 2756042, at *3 (Iowa Ct. App. Oct. 26, 2005); *see also Cemen Tech*, *Inc. v. Three D Indus.*, *L.L.C.*, 753 N.W.2d 1, 6 (Iowa 2008) (addressing argument that corporate veil should be pierced to hold individual defendants liable); *Benson v. Richardson*, 537 N.W.2d 748, 761 (Iowa 1995) ("Though typically employed to reach the assets of corporate owners to satisfy corporate liability, the alter ego doctrine is also a tool by which courts may satisfy the liabilities of individual owners with corporate assets."). Hopper used the doctrine offensively to recover money damages for property he and his father assigned to the corporation. This court rejected similar conduct in *Timberline Builders*, *Inc. v. Donald D. Jayne Trust*, No. 09-0168, 2010 WL 2383916, at *3–4 (Iowa Ct. App. June 16, 2010). There, the president of a corporation sought to foreclose on a mechanic's lien. The president asserted he was attempting to protect the assets of the corporation. This court explained that *Hawkeye Bank & Trust* "rejected the 'reverse pierce' doctrine used by a few courts to enable certain shareholders to pierce the corporate veil from within in order to reach individual benefits in cases involving insurance, probate, and real property." *Timberline*, 2010 WL 2383916, at *2. The court declined to deviate from the general rule set forth in *Hawkeye*. *Id.* at *3. We too decline to deviate from the general rule. Simply stated, Hopper could not use an "alter-ego" theory to become a "party" to the abandonment action or to this action.

Hopper also attempted to establish himself as a party by testifying he "only assigned [his ownership] to [DIG] to protect [his] interest in the property as [he] was away and unable to conduct any business on behalf of the property." The

assignment document states otherwise, and the warranty deed issued to DIG belies that assertion. Indeed, Hopper's amended petition asserted Hopper and his father "assigned 'all right, title and interest . . . to [DIG].'" Because Hopper relinquished his ownership in the property that was the subject of the abandonment petition, he was not the real party in interest in that action and he could not be the real party in interest in this action.[3]

That brings us to Iowa Rule of Civil Procedure 1.211, which states: "No judgment without a defense shall be entered against a party . . . confined in a penitentiary, reformatory or any state hospital for the mentally ill . . . . Such defense shall be by guardian ad litem . . . ." "A judgment entered against an incarcerated person without appointment of a guardian ad litem is voidable under rule [1.211] if the person was actually represented by an attorney or court-

---

[3] The real-party-in-interest question differs from a question of whether a party has standing to sue. *Pillsbury Co.*, 752 N.W.2d at 434 ("A party who has standing and the real party in interest are not one in the same."). "Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit." *Id.*; *Birkhofer ex rel. Johannsen v. Birkhofer*, 610 N.W.2d 844, 847 (Iowa 2000) ("'Standing to sue' has been defined to mean that a party must have 'sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" (quoting *Standing to Sue, Black's Law Dictionary* (6th ed. 1990))). The district court did not decide the question of Hopper's standing to sue. We could address the issue on our own motion. *See Rieff v. Evans*, 630 N.W.2d 278, 285 (Iowa 2001) ("[I]f our court felt we lacked jurisdiction because of standing, we could have raised that on our own motion, even if it was not an issue before us." (citation omitted)). We find it unnecessary to do so. *Cf. City of Council Bluffs v. Velez*, No. 10-1076, 2011 WL 6062046, at *1 (Iowa Ct. App. Dec. 7, 2011) ("David Lucas appeals from the district court's order awarding title to an abandoned property to the City of Council Bluffs pursuant to Iowa Code section 657A.10A (2009). Lucas was not a named defendant nor did he participate in the underlying proceedings, and the district court order did not reference Lucas. In his brief, Lucas admits he was not a titleholder. While we question how he has standing to bring this appeal, we need not reach this issue because none of the arguments he raises on appeal are preserved.").

appointed guardian" but "is void if the incarcerated person received no representation." *Garcia v. Wibholm*, 461 N.W.2d 166, 170 (Iowa 1990) (citation omitted). "A void judgment is subject to attack at any time." *In re S.P.*, 672 N.W.2d 842, 846 (Iowa 2003).

The district court concluded Hopper was not "entitled to the appointment of a guardian ad litem pursuant to" the rule because he was not a "party" to the abandonment action.[4] As discussed, the court was correct. Because rule 1.211 was inapplicable, it follows that the guardian ad litem's failure to act on his behalf in the abandonment action did not render that proceeding void.

The district court alternatively concluded, "Even assuming Hopper should be considered a party, . . . the nature of the [underlying] action under Iowa Code Chapter 657A [is] in rem and not in personam so as to exclude Hopper from the requirements of rule 1.211." Again, the district court was correct.

Our courts have repeatedly declined to apply rule 1.211 to in rem proceedings. *See In re Prop. Seized from Hickman*, 533 N.W.2d 567, 568 (Iowa 1995) (stating party did "not fall under the protection of rule [1.211] because the in rem forfeiture judgment was not entered against him"); *City of Des Moines v. Bank of New York Mellon*, No. 16-0288, 2016 WL 5485051, at *2 (Iowa Ct. App. Sept. 28, 2016) ("The protections of rule 1.211 do not extend to actions in rem."); *In re Henderson*, No. 13-1760, 2015 WL 3613247, at *1 (Iowa Ct. App. June 10, 2015) ("A claimant in an in rem forfeiture action is not entitled to appointment of a guardian ad litem under Iowa Rule of Civil Procedure 1.211."); *Point Builders*,

---

[4] As noted, a guardian ad litem was appointed at the City's behest, but she did not mount a defense on behalf of Hopper.

*L.L.C. v. Shi Zhong Zheng*, 13-0119, 2013 WL 6405325, at \*5 (Iowa Ct. App. Dec. 5, 2013) ("[A] judgment of foreclosure on a mechanic's lien is not a personal judgment; the mechanic's lien only attaches to the real property. Accordingly, rule 1.211 does not apply and a guardian ad litem was not required." (internal citation omitted)); *In re Guzman-Perez*, No. 09-1283, 2010 WL 5395004, at \*1 (Iowa Ct. App. Dec. 22, 2010) ("In an in rem forfeiture proceeding, the judgment is entered against 'the property sought to be forfeited, not its owner.' Since Guzman–Perez was not a party against whom a judgment could be rendered, he was not entitled to an appointed guardian ad litem at the in rem forfeiture proceeding." (internal citation omitted)). Hopper concedes the underlying abandonment action was an in rem proceeding.

Because Hopper was not a real party in interest in the abandonment action, he could not be a real party in interest in this action, which was a challenge to the abandonment action, and the district court did not err in dismissing the petition following trial.[5] And, even if Hopper was the real party in interest, he was foreclosed from asserting that the prior abandonment action was void for failure to appoint a guardian ad litem because the guardian ad litem rule was inapplicable to that in-rem action. Party or not, Hopper's action was an impermissible collateral attack on a final judgment. *See City of Chariton v. J. C. Blunk Constr. Co.*, 112 N.W.2d 829, 838 (Iowa 1962).

---

[5] Rule 1.201 precludes dismissal of a petition on real-party-in-interest grounds "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." The district court had no alternative but to dismiss because the real party in interest no longer existed. Shortly after the abandonment action ended, DIG was dissolved.

## II. Timeliness of Petition

The City contends Hopper's action was "barred because it was not timely filed within one year of the judgment in the underlying action." The issue was raised and decided in the district court. Accordingly, we may affirm on this alternate ground. *See Chicago Cent. & Pacific R.R. Co. v. Calhoun Cnty. Bd. of Sup'rs*, 816 N.W.2d 367, 373 (Iowa 2012) (providing we may "affirm a trial court on any basis appearing in the record and urged by the prevailing party"); *see also State ex. rel. Dickey v Besler*, 954 N.W.2d 425, 432 (Iowa 2021) (citing *St. Malachy Roman Cath. Congregation of Geneseo v. Ingram*, 841 N.W.2d 338, 351 n.9 (Iowa 2013) (stating we may affirm on any ground "raised below and reiterated in the briefing to this court")).

Iowa Rule of Civil Procedure 1.1012(2) states, "Upon timely petition and notice under rule 1.1013 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds: . . . . Irregularity or fraud practiced in obtaining it." Iowa Rule of Civil Procedure 1.1013(1), in turn, states, "A petition for relief under rule 1.1012 . . . must be filed and served in the original action within one year after the entry of the judgment or order involved." The official comment to rule 1.1013 states, "[Rule 1.1013] limits the time for filing the petition under [rule 1.1012]. Such time is jurisdictional; the court being without power to entertain a petition filed thereafter." Iowa R. Civ. P. 1.1013 cmt. (citing *Kern v. Lohr*, 14 N.W.2d 687 (Iowa 1944)); *see Carter v. Carter*, 957 N.W.2d 623, 636 (Iowa 2021) (stating "[j]urisdiction . . . is purely a matter of statute . . . [and as such,] the petition must be filed and the notice must be served within one year").

Hopper's petition requested "[f]ull title to the property" and sought to have the abandonment judgment declared void based on claims of fraud and the absence of notice and an opportunity to be heard. His petition was essentially a motion to vacate the abandonment judgment. As noted, the petition was not filed within a year after entry of judgment.

That said, a motion to vacate a judgment may be filed outside the time limit if it alleges extrinsic fraud. *See Peterson v. Eitzen*, 173 N.W.2d 848, 850 (Iowa 1970) ("A judgment may . . . be held to be void because of extrinsic fraud in procurement."). Hopper's fraud claim was premised on "false claims" made by the City's witnesses "[i]n the hearing" on the abandonment petition. That was an allegation of intrinsic rather than extrinsic fraud. *See Mauer v. Rohde*, 257 N.W.2d 489, 496 (Iowa 1977) ("Intrinsic fraud occurs within the framework of the actual conduct of the trial and pertains to and affects the determination of the issue presented therein. . . . Extrinsic fraud, on the other hand, has been described as that fraud which keeps a litigant from presenting the facts of his or her case and prevents an adjudication on the merits." (citations omitted)). Accordingly, the fraud allegation was insufficient to avoid the one-year time limitation.

A motion to vacate also may be filed at any time to challenge the absence of notice to a party and the opportunity to be heard. S*ee generally Wells Fargo Equip. Fin.*, *Inc. v. Retterath*, 928 N.W.2d 1, 9–10 (Iowa 2019). Hopper's petition alleged the absence of notice. But, as discussed, Hopper was not a party entitled

to notice and an opportunity to be heard. Accordingly, this claimed jurisdictional defect was insufficient to avoid the one-year time limitation.[6]

The district court did not err in dismissing the petition/motion to vacate judgment as untimely.

Hopper and the City make other arguments on appeal. We find they were not preserved, moot, or unnecessary to decide. We affirm the dismissal of the petition.

**AFFIRMED.**

---

[6] Hopper's assertion that "[t]he Trial Court did not have jurisdiction to condemn the property at issue in that it was a commercial property and not a residential property" implicated the authority of the court rather than its subject matter jurisdiction. *See Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989).